UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EILEEN SIWULA, as the Special Administrator of the )<br>Estate of EUGENE GRUBER, deceased, )<br>    Plaintiff, )<br> )<br> )<br>v. )<br> )<br> )<br>LAKE COUNTY, ILLINOIS, MARK CURRAN, the Sheriff)<br>of Lake County, sued in his Individual and Official )<br>Capacities, JENNIFER WITHERSPOON, sued in her )<br>Individual and Official Capacities, LAKE COUNTY )<br>SHERIFF'S OFFICERS MATTHEW RICE, MATTHEW )<br>MELSON, SHERRY MICHMERSHUIZEN, MARTIN )<br>MAZUR, OFFICER ANDERSON, LILIA CRUZ-AHMED, )<br>PETER DICKSON, RICHARD GIERLACH, ANTHONY )<br>HENDLEY, RANDY HOLMES, TODD HUTCHINSON, )<br>WILLIAM LEE, MICHAEL LEVIN, ROBERT POPP, )<br>ROBERT SCHLESSER, PATRICK STIFF, NATHAN )<br>TINSLEY, TONY URBANCIC, OTIS WILSON, LAKE )<br>COUNTY SHERIFF'S SUPERVISORY PERSONNEL )<br>SGT. BEVERLY EWEISI, SGT. JOHN HALL, SGT. )<br>DAN HOTH, LT. NICHOLAS KALFAS, SGT. TERRY )<br>KING, SGT. WILLIAM R. KINVILLE, SGT. DALE )<br>NAVARRO, SGT. LANCE WARE, and other LAKE )<br>COUNTY SHERIFF'S OFFICERS and SUPERVISORS )<br>not presently known to Plaintiff, CORRECT CARE )<br>SOLUTIONS, LLC, a Kansas corporation, NURSE )<br>CHARLIE BURKE, NURSE OSCAR CACERES, NURSE )<br>SUSAN CALLAHAN, NURSE SUSAN WILLIAMS-DAVIS, )<br>NURSING SUPERVISOR MICHAEL KEEGAN, and other )<br>agents and employees of CORRECT CARE )<br>SOLUTIONS not presently known to Plaintiff, )<br>    Defendants. ) | No. 12-CV-<br><br>Judge<br><br>Magistrate<br><br><br><br><br><br><br><br><br><br><br><br>Jury Demanded |

## COMPLAINT

NOW COMES the plaintiff EILEEN SIWULA, as the Special Administrator

of the Estate of EUGENE GRUBER, by their attorneys, Mark F. Smolens, Law

Office of Mark F. Smolens, and Richard R. Mottweiler, Mottweiler &

Associates, and as her complaint against the defendants, states the following:

1.     This action seeks damages under federal law, Title 42 U.S.C. Section 1983,  for defendants' actions of October 31 and November 1, 2011 which violated plaintiff's decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## Jurisdiction and Venue

2.     The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343, and venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events  giving rise to the claims asserted herein took place within this Northern District of Illinois.

## Parties

3.     Plaintiff EILEEN SIWULA brings this action as the Special Administrator of the Estate of Eugene Gruber, deceased. EILEEN SIWULA is the natural sister of the decedent, EUGENE GRUBER.

4.      At all times material hereto, the plaintiff's decedent, EUGENE GRUBER was a resident of the city of Grayslake, County of LAKE, State of Illinois, in this District. EUGENE GRUBER died as the result of injuries sustained at the hands of the defendants on March 3, 2012.

5.     Defendant LAKE COUNTY, ILLINOIS is a municipal entity organized under the laws of the state of Illinois.

6.      Defendant MARK CURRAN, is the elected Lake County Sheriff.

He is being sued in his official capacity because he is responsible for directing, implementing and controlling certain policies and customs of the Lake County Sheriff's Office, as more fully alleged herein, that proximately caused various injuries and ultimately the death of the plaintiff's decedent, all of which took place in violation of Section 1983.

7.     Defendant JENNIFER WITHERSPOON was at all times relevant hereto the appointed head of the LAKE COUNTY JAIL, though on information and belief Ms. WITHERSPOON was removed from that position and reassigned to different job responsibilities by Sheriff CURRAN subsequent to the events at issue. She is being sued in her official capacity because she too was responsible for directing, implementing and controlling certain policies and customs of the LAKE COUNTY SHERIFF'S OFFICE, as more fully alleged herein, that proximately caused various injuries and ultimately the death of the plaintiff's decedent, all of which took place in violation of Section 1983

8.     Defendants MATTHEW RICE, MATTHEW, MELSON, SHERRY MICHMERSHUIZEN, MARTIN MAZUR, LILIA CRUZ-AHMED, OFFICER ANDERSON, PETER DICKSON, RICHARD GIERLACH, ANTHONY HENDLEY, RANDY HOLMES, TODD HUTCHINSON, WILLIAM LEE, MICHAEL LEVIN, ROBERT POPP, ROBERT SCHLESSER, PATRICK STIFF, NATHAN TINSLEY, TONY URBANCIC, and OTIS WILSON (described collectively, hereinafter as "OFFICERS"), were at all times mentioned in this complaint employed by

3

and acted under the color of law as officers of the Lake County Sheriff's Department. They, and potential other unknown OFFICERS, are sued in their individual capacities for violations of plaintiff's decedent's constitutional rights.

9.    Defendants SGT. BEVERLY EWEISI, SGT. JOHN HALL, SGT. DAN HOTH, LT. NICHOLAS KALFAS, SGT. TERRY KING, SGT. WILLIAM R. KINVILLE, SGT. DALE NAVARRO, and SGT. LANCE WARE (described hereinafter, collectively, as "SUPERVISORY PERSONNEL"), were at all times mentioned in this complaint employed by and acted under color of law as Supervisory Personnel of the Lake County Sheriff's Department. They, and other unknown SUPERVISORY PERSONNEL, are sued in their individual capacities for violations of plaintiff's decedent's constitutional rights.

10.    Defendant CORRECT CARE SOLUTIONS, LLC, a Kansas corporation, at all times mentioned in this complaint was a contract provider of medical services at the Lake County Jail.

11.    Defendants NURSE CHARLIE BURKE, NURSE OSCAR CACERES, NURSE SUSAN CALLAHAN, NURSE SUSAN WILLIAMS-DAVIS, NURSING SUPERVISOR MICHAEL KEEGAN, and other possible agents and employees of CORRECT CARE SOLUTIONS not presently known to plaintiff, were at all times mentioned in this complaint medical providers at the Lake County Jail who failed and/or refused to provide adequate care and attention to the plaintiff's decedent, EUGENE GRUBER.

4

## **Facts**

12.     On October 31, 2011, plaintiff's decedent, EUGENE GRUBER, was a arrested and brought to the  Lake County Jail, which is operated by the Lake County Sheriff's Department.

13.     During the course of the attempts by various of the individual defendant officers to "process" the decedent's arrest, certain defendant OFFICERS in the presence of SUPERVISORY PERSONNEL, pepper-sprayed and thereafter assaulted and beat the plaintiff's decedent at a time when said decedent was under their exclusive dominion and control, unarmed and unable to resist the actions of these defendant OFFICERS and SUPERVISORY PERSONNEL.

14.     As a result of the injuries sustained by EUGENE GRUBER during the "processing" of his arrest, there manifested objective symptoms which one or more or all of the defendant OFFICERS and SUPERVISORY PERSONNEL either observed and became aware of, or should have observed and become aware of, during the period of time that the plaintiff's decedent remained in the Lake County Jail.

15.     As a result of his injuries sustained at the hands of certain defendant OFFICERS, in the presence of certain SUPERVISORY PERSONNEL, plaintiff's decedent requested medical assistance.

16.     Despite GRUBER's specific requests for medical assistance and complaints of catastrophic injuries, and despite the presence of contract

5

medical personnel in the Jail who were there for that very purpose, no medical assistance was ever provided to EUGENE GRUBER at the Lake County Jail until paramedics were finally called on November 1, 2011.

17.     On information and belief, despite the existence of express protocols and guidelines to be followed by contract medical personnel during the "intake" process for inmates coming into the Lake County Jail, and despite the existence of objective symptoms demonstrating that EUGENE GRUBER had in fact sustained catastrophic injury while present in the Lake County Jail, Nurses BURKE, CACERES, CALLAHAN, and WILLIAMS-DAVIS, and Nursing Supervisor KEEGAN, failed to adequately investigate, assess, or treat GRUBER's injuries and/or seek medical assistance for Mr. GRUBER.

18.     Despite GRUBER's obvious need of medical treatment, defendant OFFICERS and SUPERVISORY PERSONNEL did not provide or seek medical assistance for plaintiff's decedent. Rather, certain defendant OFFICERS simply brought plaintiff's decedent to a holding cell.

19.     Plaintiff's decedent, EUGENE GRUBER, did not receive medical assistance until at least a day after having sustained catastrophic injuries at the hands of the defendant OFFICERS and SUPERVISORY PERSONNEL.

20.     On November 1, 2011 plaintiff's decedent, EUGENE GRUBER, was transported to Vista Medical Center East in Waukegan, Illinois, where he was treated for neck injuries and paralysis, and GRUBER subsequently

6

passed away while being treated for those injuries at the Schwab Rehabilitation Center in Chicago, Illinois on March 3, 2012.

21.    By reason of the above-described acts and omissions of the defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES, known and unknown, EUGENE GRUBER sustained severe physical injuries rendering him a partial quadriplegic along with other injuries including humiliation, indignities, and suffered great mental and emotional pain and suffering, all to his damage, and ultimately resulting in his death.

22.    The aforementioned acts of the defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES, were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify an award of exemplary and punitive damages.

## COUNT I
## [§1983 Excessive Force]

23.    Plaintiff EILEEN SIWULA hereby realleges and incorporates paragraphs one through twenty-two, above, as for the allegations of this paragraph twenty-three.

24.    At all times relevant hereto, plaintiff's decedent, EUGENE GRUBER, had the right to be free from injury from unreasonable, malicious, excessive force from state actors such as defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United

States.

25.     As described above, defendant OFFICERS and SUPERVISORY
PERSONNEL violated plaintiff's decedent's right to be free from
unreasonable, malicious, excessive force when they pepper-sprayed,
assaulted and beat EUGENE GRUBER causing neck injuries and rendering
the decedent a partial quadriplegic while he was under their  dominion and
control, said injuries ultimately proximately resulting in his death.

26.     As a result of defendant OFFICERS' and SUPERVISORY
PERSONNEL's concerted unjustified and excessive use of force, EUGENE
GRUBER suffered extreme injuries, pain as well as extreme emotional
distress, anguish, and death.

27.     On information and belief, certain defendant OFFICERS and
SUPERVISORY PERSONNEL who were also present at the Lake County Jail
during the events alleged above but played no personal role in the actual
use of force on the plaintiff's decedent, had a reasonable opportunity to
prevent the harm done to EUGENE GRUBER, and could and should have
intervened to prevent the individual defendant OFFICERS' and
SUPERVISORY PERSONNEL's unjustified and excessive use of force.   As a
result of that failure to intervene, EUGENE GRUBER suffered pain and
injury, as well as emotional distress, and ultimately death.

28.     The misconduct described in this count was objectively
unreasonable and was undertaken intentionally with willful indifference to

8

the decedent, EUGENE GRUBER's, constitutional rights.

29.     The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others**.**

## Count II
## [§1983 Deprivation of Necessary Medical Care]

30.     Plaintiff EILEEN SIWULA hereby realleges and incorporates paragraphs one through twenty-two, above, as for the allegations of this paragraph thirty.

31.     While incarcerated at the Lake County Jail, the decedent, EUGENE GRUBER, who was not free to leave, was seriously  injured and exhibited objective signs of injury and the need for immediate medical attention.

32.     Defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES, while acting under the color of law, had an opportunity to and observed decedent's injuries and knew or should have known that EUGENE GRUBER needed medical attention.

33.     Despite their awareness of plaintiff's decedent's absolute need for prompt medical attention, said defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES,  failed and/or refused to obtain medical assistance for plaintiff's decedent for an extended period of time.

34.     Defendant OFFICERS', SUPERVISORY PERSONNEL's, and NURSES', failure to obtain medical treatment for the decedent, despite their

awareness that EUGENE GRUBER had sustained serious and catastrophic injury, and despite GRUBER's repeated requests for medical treatment exposed him to serious bodily harm and did result in serious harm to him – namely extreme mental and physical suffering followed by paralysis, incomplete quadriplegia, and ultimately death.

35.     The failure of defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES, to obtain medical treatment for plaintiff's decedent, despite the fact that they knew or should have known that he was seriously injured and despite his requests for medical treatment constituted a deliberate indifference to EUGENE GRUBER's constitutionally protected due process rights guaranteed under the Fourth and Fourteenth Amendments.

36.     The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to EUGENE GRUBER'S constitutional rights.

37.     The misconduct described was undertaken with malice, willfulness, and reckless indifference to EUGENE GRUBER'S health and safety.

38.     As a direct and proximate result of defendant OFFICERS', SUPERVISORY PERSONNEL's, and NURSES' objectively unreasonable conduct and deliberate indifference to EUGENE GRUBER's constitutionally protected rights, Plaintiff suffered additional damages, as well as extreme distress and anguish.

## Count III
## [§ 1983 Monell Claim]

39.     Plaintiff EILEEN SIWULA hereby realleges and incorporates paragraphs one through thirty-eight, above, as for the allegations of this paragraph thirty-nine.

40.     At all times relevant to this complaint, defendant OFFICERS and SUPERVISORY PERSONNEL were acting under the direction and control of defendants MARK CURRAN and JENNIFER WITHERSPOON.

41.     CURRAN, as Sheriff of LAKE COUNTY, and WITHERSPOON as Curran's designated head of the Lake County Jail, were final decision makers with respect to policies and procedures to be carried out by employees at the Lake County Jail, including but not limited to defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES.

42.     Upon information and belief, the Lake County Sheriff's Department knowingly, and with callous disregard for plaintiff's decedent's rights, failed to properly instruct, supervise, control, and discipline on a continuing basis employees of the Department, including but not limited to defendant OFFICERS and SUPERVISORY PERSONNEL in their duties to refrain from unlawfully and maliciously using excessive and unreasonable force on pretrial detainees in the Lake County Jail.

43.     Upon information and belief, the Lake County Sheriff's Department knowingly, and with callous disregard of plaintiff's decedent's

rights, failed to properly instruct, supervise, control, and discipline on a continuing basis employees of the Department and LAKE COUNTY's provider of outside medical services, including but not limited to defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES, in their duties to recognize and/or provide necessary medical treatment to pretrial detainees.

44.     Defendants CURRAN and WITHERSPOON, on behalf of defendant LAKE COUNTY, failed to develop, maintain, and enforce proper procedures and conduct proper training of their employees, including defendant OFFICERS and SUPERVISORY PERSONNEL, along with employees of contract medical care provider CORRECT CARE SOLUTIONS, LLC, including defendant NURSES, and failed to control or discipline those employees on a continuing basis, thereby causing the violation of plaintiff's decedent's rights.

45.     Defendants CURRAN and WITHERSPOON had the obligation on behalf of defendant LAKE COUNTY to properly instruct, supervise, control, discipline or other wise prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence and knowingly, recklessly, or with deliberate indifference and callous disregard of plaintiff's decedent's rights and refused to do so.

46.     As a matter of both policy and practice, the actions and inactions of defendants CURRAN and WITHERSPOON on behalf of defendant LAKE COUNTY have facilitated and permitted the very type of misconduct at issue here by failing to adequately investigate, discipline and/or punish

12

prior instances of misconduct similar to that alleged in this Complaint, thereby leading defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES to believe that their actions will never be scrutinized and, in that way, directly encouraged future abuses such as those which affected plaintiff's decedent, EUGENE GRUBER.

47. Upon information and belief, as a matter of widespread practice so prevalent as to comprise municipal policy on the part of defendant LAKE COUNTY, officers of the Lake County Sheriff's Department have abused other citizens in a manner similar to that alleged by plaintiff's decedent, EUGENE GRUBER, in this Complaint.

48. Upon information and belief, defendants CURRAN and WITHERSPOON in their roles as municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" among employees working in the Lake County Jail, including but not limited to defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES by which such employees fail to report misconduct committed by others, such as the misconduct at issue in this case.

49. Upon information and belief, defendant LAKE COUNTY has failed to act to remedy the patterns of abuse described in the instant Complaint, despite actual knowledge of the same on the part of policymakers CURRAN and WITHERSPOON, thereby causing the types of injuries and damages alleged here.

50.     The foregoing acts, omissions, and systematic failures are customs and policies of LAKE COUNTY and, upon information and belief, caused individuals employed in the Lake County Jail, including defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES  that complaints of excessive force would not be honestly or properly investigated, with the foreseeable result that such employees would be likely to use excessive force and/or  fail to recognize the need for and to provide necessary medical treatment.

51.     As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of LAKE COUNTY, plaintiff's decedent was deprived of rights as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, plaintiff EILEEN SIWULA, as Special Administrator of the Estate of EUGENE GRUBER, deceased, respectfully requests that judgment be entered in her favor for compensatory damages, for punitive damages against the individual defendant OFFICERS, SUPERVISORY PERSONNEL, and NURSES, plus an award to the plaintiff pursuant to Title 28 U.S.C. § 1988 for attorney's fees and costs, in addition to any other relief from this Court deemed just and proper.

Respectfully Submitted,

/s/ Mark F. Smolens
One of the attorneys for Plaintiff

**MARK F. SMOLENS  #6190482**
**LAW OFFICE OF MARK F. SMOLENS**
**1627 Colonial Parkway**
**Inverness, Il 60067**
**773 - 580-4982**
**ryansmolensjones@hotmail.com**

**RICHARD R. MOTTWEILER #3123509**
**MICHAEL C. CANNON #6296028**
**NICOLE L. BARKOWSKI #6295834**
**MOTTWEILER & ASSOCIATES**
**1627 Colonial Parkway**
**Inverness, IL 60067**
**312-259-0234**
**tcblaw@aol.com**